**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Rensler NOLAN, Defendant-Appellant.**

**No. 71-1134.**

United States Court of Appeals, Tenth Circuit.

Nov. 12, 1971.

Michael J. McCarthy, (Peter Rogers, was with him on the brief), Boulder, Colo., for appellant.

Glen S. Kelly, Asst. U. S. Atty., (Robert J. Roth, U. S. Atty., was with him on the brief), for appellee.

Before LEWIS, Chief Judge, and PICKETT and BARRETT, Circuit Judges.

LEWIS, Chief Judge.

Nolan has now twice been found guilty of a Dyer Act violation, 18 U.S.C. § 2312, after trial by jury. The first judgment of conviction was set aside by this court, United States v. Nolan, 10 Cir., 416 F.2d 588, upon a record determined to be free of error except for a prejudicial closing argument made by the prosecution. Our earlier opinion recites in considerable detail the evidence of the United States and the testimony of Nolan in defense to the charge. Since the evidentiary record in the case at bar and

the asserted assignments of trial error relating thereto are largely repetitive we conclude that only one present appellate contention has sufficient merit to warrant discussion.

At both trials the United States established that Nolan had escaped from state custody while in a county jail and charged with the offense of unlawful possession of stolen property. At the first trial the prosecution also established that Nolan had been interviewed by the F.B.I. prior to his escape in regard to a potential federal prosecution and that the federal investigation was continuing. A requested instruction on flight made by the United States was refused by the court and consequently this court had no occasion to review any issue regarding such an instruction.

In the case at bar the United States offered no evidence of the F.B.I. activity, or otherwise, which might directly lead to the inference that Nolan was motivated to escape custody to avoid a federal prosecution. The court did, however, instruct on flight.[1] We agree with appellate counsel that the instruction should not have been given and the evidence regarding Nolan's escape should not have been admitted as a premise for the instruction. On the present record, Nolan had been accused only of a state crime at the time of his escape and the only connection between that event and the instant prosecution is the stolen car. The probative value of Nolan's conduct projected against a federal prosecution instituted months later is shallow indeed. And we have heretofore indicated this court's lack of enthusiasm for the claim of "probative value" in evidence of flight under much more demanding circumstances than here presented. Burroughs v. United States, 10 Cir., 365 F.2d 431; *and see* Wong-Son

v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441.

We do not, however, agree that this aspect of the case presents such prejudice that Nolan should be granted a third trial. No argumentative emphasis was made that Nolan's escape indicated his guilt; in fact, the incident was not mentioned at all by the prosecution except to note that the court would instruct on the subject. The real and dispositive issue of the trial, a determination of whether Nolan's explanation of his possession of the car was credible, was fairly presented. Two juries have now rejected his testimony and determined his guilt. An accused is entitled to a fair trial, not a perfect one.

Affirmed.

---

1. The intentional flight or concealment of a defendant after he is accused of a crime that has been committed is not, of course, sufficient in itself to establish his guilt but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case in determining guilt or innocence. Whether or not evidence of flight or concealment shows a consciousness of guilt and a significance to be attached to any such evidence, are matters exclusively within the province of the jury.